FARAH LAW, P.C.
Neda Farah (State Bar No. 269819)
265 S. Doheny Dr., Suite # 102
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 310-494-0768
E-Mail: neda@nedafarahlaw.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GINA HENRY,<br><br>        Plaintiff,<br><br>    v.<br><br>J.P. MORGAN CHASE BANK, N.A.,<br><br>        Defendant. | Case No. 4:24-cv-4489<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**3. INVASION OF PRIVACY**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW COMES Plaintiff, GINA HENRY ("Plaintiff"), by and through her attorneys, Farah Law, P.C., complaining as to the conduct of J.P. MORGAN CHASE BANK, N.A. ("Defendant") as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and the Rosenthal Fair Debt Collection Practices Act

1

1  ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, as well as for Invasion of Privacy ("IOP"),

2  for Defendant's unlawful conduct.

3  ### JURISDICTION AND VENUE

4
5  2.  This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction

6  is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises

7  under the laws of the United States. Supplemental jurisdiction exists for the state law claims

8  pursuant to 28 U.S.C. §1367.

9  3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant transacts business

10  in the Northern District of California and a substantial portion of the events or omissions giving

11  rise to the claims occurred within the Northern District of California.

12
13  ### PARTIES

14  4.  Plaintiff is a consumer over-the-age of 18 residing in Alameda County, California, which

15  is located within the Northern District of California.

16  5.  Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

17  6.  Defendant provides various banking and other financial services. Defendant is a national

18
19  association formed under the laws of the state of Delaware, with its principal place of business

20  located at 270 Park Avenue, New York, New York 10017. Defendant regularly collects upon

21  consumers across the country, including those residing within the state of California.

22  7.  Defendant is a "person" as defined by 47 U.S.C. § 153(39).

23  8.  Defendant acted through its agents, employees, officers, members, directors, heirs,

24  successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times

25  relevant to the instant action.

26  ### FACTS SUPPORTING CAUSES OF ACTION

27
28
2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9.  Plaintiff previously obtained a line of credit through Defendant in order to purchase personal and household goods.

10. In 2024, Plaintiff began experiencing financial hardship, causing her to fall behind on her scheduled payments to Defendant, thus incurring debt ("subject debt").

11.  For the last several months, Plaintiff has been receiving systematic calls to her cellular phone, (510) XXX-0331, from Defendant.

12.  At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -0331. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13.  Defendant has used a variety of phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (847) 426-9138 and (407) 732-2414.

14.  Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activities.

15. Upon answering Defendant's phone calls, Plaintiff is subjected to a pre-recorded and/or artificial voice prompting her to hold while she is connected to a live representative.

16. During unanswered calls, Defendant leaves Plaintiff a pre-recorded and/or artificial message asking that she return its phone calls.

17. Upon speaking with Defendant, Plaintiff was informed that Defendant was seeking to collect upon the subject debt.

18.  Plaintiff informed Defendant that she has limited financial resources, but Defendant persisted with its collection efforts, prompting Plaintiff to demand that Defendant stop calling her.

19. Moreover, Claimant explicitly told Respondent that she was represented by an attorney, and supplied Respondent with her attorney's information.

3

20. Yet, Defendant willfully ignored Plaintiff's demands and continued placing repeated phone calls to Plaintiff's cellular phone for the next several weeks, including multiple calls during the same day.

21. Plaintiff has even reiterated her requests that Defendant stop calling during subsequent calls, including in or around May and June 2024, but in spite of her multiple efforts, Defendant's harassing conduct has continued through the filing of this action.

22. Defendant has placed not less than thirty (30) calls to Plaintiff's cellular phone after being notified to stop calling.

23. Seeing no end to Defendant's relentless conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

24. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: loss of sleep, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, and increased usage of her telephone and services.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* an artificial *or* pre-recorded messages without their consent.

29. Defendant used a pre-recorded and/or artificial voice when placing calls to Plaintiff's cellular phone. Upon answering phone calls, Claimant was often subjected to an artificial or pre-

4

recorded voice prompting her to hold for the next available representative; and during unanswered calls, Defendant would leave Plaintiff voicemails using a pre-recorded and/or artificial voice asking Plaintiff to return its phone calls.

30.  Defendant violated the TCPA by placing at least 30 phone calls to Plaintiff's cellular phone using a pre-recorded and/or artificial voice without her consent. Any consent that Plaintiff *may* have given to Defendant by virtue of incurring the subject debt was explicitly revoked by Plaintiff's demands that it cease contacting her.

31. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32.  Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant had explicit knowledge that Plaintiff did not wish to receive further phone calls, but Defendant still knowingly continued to place repeated calls to Plaintiff's cellular phone in an effort to harass Plaintiff into submission.

WHEREFORE, Plaintiff, GINA HENRY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

1

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

2

33.  Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

3

34.  Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

4

5

35.  The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

6

7

36.  Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

8

#### a.  Violations of RFDCPA § 1788.17

9

10

37.  The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j [of the Fair Debt Collection Practices Act ("FDCPA")], inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

11

12

13

14

#### i.  Violations of the FDCPA § 1692c

15

16

38. The FDCPA, pursuant to 15 U.S.C. § 1692c(a)(1), prohibits a debt collector from communicating with a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer."

17

18

19

39. The FDCPA, pursuant to 15 U.S.C. § 1692c(a)(2), further prohibits a debt collector from "communicat[ing] with a consumer in connection with the collection of a debt if the debt collector knows the consumer is represented by an attorney…"

20

21

22

23

40. Respondent violated 15 U.S.C. §§ 1692c(a)(1) and (2) when it attempted to collect upon the subject debt by communicating directly with Claimant, despite knowing that Claimant was represented by an attorney with regard to the subject debt.  By intentionally bypassing Claimant's attorney and directly communicating with Claimant, Respondent attempted to take advantage of Claimant's confusion and ultimately force her to make a payment on the subject debt.

24

25

26

27

28

41. In conjunction with Claimant's request that it stop contacting her, Respondent had ample knowledge that its calls were inconvenient to Claimant, however, Respondent willfully continued its persistent communications in an attempt to harass Claimant into submission.

### ii.    Violations of FDCPA §1692d

42.   The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

43. Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

44. Defendant violated §§ 1692d & 1692d(5), and 12 C.F.R. §§ 1006.14(b)(2) & 1006.14(h) through its harassing and noncompliant collection campaign directed towards Plaintiff. Plaintiff notified defendant that she could not pay the debt and to stop calling her. Defendant knew that its continued placement of phone calls would be unwelcome to Plaintiff, yet nevertheless persisted,

illustrating its intent to harass Plaintiff through its phone calls. Further, upon becoming aware of Plaintiff's desire to receive no further collection calls regarding the subject debt, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject consumer debt from Plaintiff – however, such calls persisted notwithstanding Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject debt.

45. Defendant continued to place repeated phone calls to Plaintiff's cellular phone with the hopes that the sustained pressure would cause Plaintiff to succumb to Defendant's efforts and remit payment. This repeated behavior of systematically calling Plaintiff's cellular phone, in spite of her demands, was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

### iii. Violations of the FDCPA § 1692e

46. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

47. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

48. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff informed Defendant of her financial hardship, as well as Plaintiff's demands that it stop calling her, Defendant continued with its onslaught of collection calls, including the placement of multiple calls during the same day. Defendant engaged in this behavior in a deceptive attempt to force Plaintiff to answer its calls and

ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her after Plaintiff notified Defendant to cease doing so.

### iii. Violations of FDCPA § 1692f

49.  The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

50.  Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff after being notified to stop.  Attempting to coerce Plaintiff into payment by placing voluminous automated phone calls without her permission is unfair and unconscionable behavior.  These means employed by Defendant only served to worry and confuse Plaintiff.

51.  Defendant willfully and knowingly violated the RFDCPA.  Defendant was aware that Plaintiff did not wish to be contacted, but yet, it continued to bombard Plaintiff with automated phone calls demanding payment for the subject debt. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

52.  As plead in paragraphs 23 through 26, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, GINA HENRY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c.  Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d.  Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e.   Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f.   Award any other relief as the Honorable Court deems just and proper.

### COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

53. Plaintiff restates and realleges paragraphs 1 through 52 as though fully set forth herein.

54. Defendant, through its barrage of communications, especially after Plaintiff informed it of its harassing nature, has repeatedly and intentionally invaded Plaintiff's privacy.

55. Defendant's unsolicited harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus, and continually frustrated and annoyed Plaintiff to the point where Plaintiff was denied the ability to quietly enjoy her life, instead having it upended by Defendant's unlawful efforts to solicit her.

56. Defendant's intrusive and persistent efforts eliminated the peace and solitude that Plaintiff would have otherwise had in her home and/or any other location in which she would have normally brought her cellular phone.

57. Plaintiff even told Defendant to stop contacting her on a handful of occasions, but Defendant gave Plaintiff no reasonable escape from its calling campaign.

58. As detailed above, Defendant invaded Plaintiff's legally-protected right to privacy, and caused Plaintiff to suffer concrete and particularized harm.

59. Defendant's relentless solicitation efforts and tactics are highly offensive to a reasonable person.

60. As plead in paragraphs 23 through 26, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, GINA HENRY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff actual damages;

c.  Award Plaintiff punitive damages;

d.  Award Plaintiff  reasonable attorney's fees and costs;

e.  Enjoining Defendant from contacting Plaintiff; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: July 25, 2024                     Respectfully submitted,


                                         By: /s/ *Neda Farah*
                                         Neda Farah, Esq.
                                         **FARAH LAW, P.C.**
                                         265 S. Doheny Dr., Suite # 102
                                         Beverly Hills, California 90211
                                         Telephone: 310-666-3786
                                         Facsimile: 310-494-0768
                                         E-Mail: neda@nedafarahlaw.com

11