1  TOMIO B. NARITA (State Bar No. 156576)
   Tomio.Norita@wbd-us.com
2  SAMUEL R. MELAMED (State Bar No. 301303)
   Samuel.Melamed@wbd-us.com
3  WOMBLE BOND DICKINSON (US) LLP
4  50 California Street, Suite 2750
   San Francisco, CA 94111
5  Telephone: (415) 433-1900

6  Attorneys for Defendant
7  JPMORGAN CHASE BANK, N.A. (erroneously
   sued as "J.P. MORGAN CHASE BANK, N.A.")
8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11  GINA HENRY,                        Case No. 3:24-cv-04489-LJC

12        Plaintiff,                   **DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM AGAINST PLAINTIFF**
13        vs.

14  J.P. MORGAN CHASE BANK, N.A.

15        Defendant.

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM AGAINST PLAINTIFF**

Defendant JPMORGAN CHASE BANK, N.A. (erroneously sued as "J.P. MORGAN CHASE BANK, N.A.") ("Chase"), by its undersigned counsel, hereby submits its Answer to the Complaint filed by Plaintiff GINA HENRY ("Plaintiff") in this case. Except as expressly admitted herein, Chase denies all allegations contained in Plaintiff's Complaint.

**NATURE OF THE ACTION**

1. Answering Paragraph 1 of the Complaint, Chase admits Plaintiff purports to allege violations of the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code § 1788 *et seq.*, the contents of which are self-explanatory. Chase also admits Plaintiff purports to allege invasion of privacy. Chase denies any wrongdoing and denies that Plaintiff is entitled to any of the relief requested by the Complaint. Unless expressly admitted herein, Chase denies the remaining allegations contained in this Paragraph.

**JURISDICTION AND VENUE**

2. Answering Paragraph 2 of the Complaint, Chase admits Plaintiff purports to allege violations of the TCPA. The remaining allegations concerning subject matter jurisdiction call for a legal conclusion to which Chase need not respond. To the extent a response is required, Chase denies the allegations.

3. Answering Paragraph 3 of the Complaint, Chase admits it has customer relationships in the Northern District of California. The allegation that venue is proper in this Court calls for a legal conclusion to which Chase need not respond. To the extent a response is required, Chase denies the allegation. Chase lacks knowledge or information sufficient to form a belief as to whether a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within the Northern District of California, and, on that basis, denies the allegation. Unless expressly admitted herein, Chase denies the remaining allegations contained in this Paragraph.

**PARTIES**

4. Answering Paragraph 4 of the Complaint, Chase admits Plaintiff is a natural person over the age of 18, and admits that Alameda County is located within the Northern District of California. Chase lacks knowledge or information sufficient to form a belief as to Plaintiff's current

residence, and, on that basis, denies the allegation. The allegation that Plaintiff is a consumer calls for a legal conclusion to which Chase need not respond. To the extent a response is required, Chase denies the allegation.

5. Paragraph 5 of the Complaint calls for a legal conclusion to which Chase need not respond. To the extent a response is required, Chase denies the allegation.

6. Answering Paragraph 6 of the Complaint, Chase admits it provides banking and financial services and that it is a national association. Chase lacks knowledge sufficient to confirm whether any obligation it has collected was incurred "primarily for personal, family or household use" and thus can neither admit nor deny whether it has collected from "consumers" within the meaning of the Rosenthal Act. Unless expressly admitted herein, Chase denies the remaining allegations contained in this Paragraph.

7. Paragraph 7 of the Complaint calls for a legal conclusion to which Chase need not respond. To the extent a response is required, Chase denies the allegation.

8. Answering Paragraph 8 of the Complaint, Chase denies the allegations.

### FACTS SUPPORTING CAUSES OF ACTION

9. Answering Paragraph 9 of the Complaint, Chase admits that it issued a credit card to Plaintiff but lacks knowledge or information sufficient to form a belief as to whether Plaintiff obtained the credit card to purchase personal and household goods, and, on that basis, denies the allegation.

10. Answering Paragraph 10 of the Complaint, Chase admits Plaintiff did not make scheduled payments to Chase in accordance with the terms of her account agreement. Chase lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in this Paragraph, and, on that basis, denies the allegations.

11. Answering Paragraph 11 of the Complaint, Chase admits it has initiated telephone calls to Plaintiff at (510) XXX-0331 but denies the remaining allegations contained in this Paragraph.

12. Answering Paragraph 12 of the Complaint, Chase lacks knowledge or information sufficient to form a belief as to the allegations contained in this Paragraph, and, on that basis, denies

1  the allegations.

2  13.  Answering Paragraph 13 of the Complaint, Chase admits it has initiated calls to
3  Plaintiff at (510) XXX-0331 but denies the remaining allegations contained in this Paragraph.

4  14.  Answering Paragraph 14 of the Complaint, Chase denies the allegations.

5  15.  Answering Paragraph 15 of the Complaint, Chase denies the allegations.

6  16.  Answering Paragraph 16 of the Complaint, Chase denies the allegations.

7  17.  Answering Paragraph 17 of the Complaint, Chase denies the allegations.

8  18.  Answering Paragraph 18 of the Complaint, Chase denies the allegations.

9  19.  Answering Paragraph 19 of the Complaint, Chase denies the allegations.

10  20.  Answering Paragraph 20 of the Complaint, Chase denies the allegations.

11  21.  Answering Paragraph 21 of the Complaint, Chase denies the allegations.

12  22.  Answering Paragraph 22 of the Complaint, Chase admits the allegations.

13  23.  Answering Paragraph 23 of the Complaint, Chase denies the allegations.

14  24.  Answering Paragraph 24 of the Complaint, Chase denies the allegations.

15  25.  Answering Paragraph 25 of the Complaint, Chase denies the allegations.

16  26.  Answering Paragraph 26 of the Complaint, Chase denies the allegations.

17  **COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

18  27.  Answering Paragraph 27 of the Complaint, Chase repeats and incorporates its
19  responses to Paragraphs 1 through 26 of Plaintiff's Complaint.

20  28.  Answering Paragraph 28 of the Complaint, Chase avers that the contents of the
21  TCPA are self-explanatory, so the allegations contained in this Paragraph do not require a response
22  from Chase.  To the extent a response is required, Chase denies the allegations contained in this
23  Paragraph.

24  29.  Answering Paragraph 29 of the Complaint, Chase denies the allegations.

25  30.  Answering Paragraph 30 of the Complaint, Chase denies the allegations.

26  31.  Answering Paragraph 31 of the Complaint, Chase denies that it made "the calls" as
27  characterized by the Complaint and thus denies the allegations.  To the extent the paragraph calls
28  for a legal conclusion, Chase denies it.

32. Answering Paragraph 32 of the Complaint, Chase avers that the contents of the TCPA are self-explanatory, so the allegations contained in this Paragraph regarding the TCPA's purported provisions do not require a response from Chase. To the extent a response is required, Chase denies the allegations.

Plaintiff added a prayer for relief following Paragraph 32 of the Complaint. To the extent a response is required, Plaintiff denies that Plaintiff has been damaged and denies any and all liability to Plaintiff.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

33. Answering Paragraph 33 of the Complaint, Chase repeats and incorporates its responses to Paragraphs 1 through 32 of Plaintiff's Complaint.

34. Paragraph 34 of the Complaint calls for a legal conclusion to which Chase need not respond. To the extent a response is required, Chase denies the allegation.

35. Paragraph 35 of the Complaint calls for a legal conclusion to which Chase need not respond. To the extent a response is required, Chase denies the allegation.

36. Paragraph 36 of the Complaint calls for a legal conclusion to which Chase need not respond. To the extent a response is required, Chase denies the allegation.

**a. Violations of RFDCPA § 1788.17**

37. Answering Paragraph 37 of the Complaint, Chase avers that the contents of the RFDCPA are self-explanator, so the allegations contained in this Paragraph do not require a response from Chase. To the extent a response is required, Chase denies the allegations contained in this Paragraph.

**i. Violations of the FDCPA § 1692c**

38. Answering Paragraph 38 of the Complaint, Chase avers that the contents of the Fair Debt Collection Practices Act ("FDCPA") are self-explanatory, so the allegations contained in this Paragraph do not require a response from Chase. To the extent a response is required, Chase denies the allegations contained in this Paragraph.

39. Answering Paragraph 39 of the Complaint, t Chase avers that the contents of the Fair Debt Collection Practices Act ("FDCPA") are self-explanatory, so the allegations contained in this

Paragraph do not require a response from Chase. To the extent a response is required, Chase denies the allegations contained in this Paragraph.

40. Answering Paragraph 40 of the Complaint, Chase denies the allegations.

41. Answering Paragraph 41 of the Complaint, Chase denies the allegations.

### ii. Violations of FDCPA § 1692d

42. Answering Paragraph 42 of the Complaint, Chase avers that the contents of the Fair Debt Collection Practices Act ("FDCPA") are self-explanatory, so the allegations contained in this Paragraph do not require a response from Chase. To the extent a response is required, Chase denies the allegations contained in this Paragraph.

43. Answering Paragraph 43 of the Complaint, Chase avers that the contents of Regulation F are self-explanatory, so the allegations contained in this Paragraph do not require a response from Chase. To the extent a response is required, Chase denies the allegations contained in this Paragraph.

44. Answering Paragraph 44 of the Complaint, Chase denies the allegations.

45. Answering Paragraph 45 of the Complaint, Chase denies the allegations.

### ii. Violations of FDCPA § 1692d

46. Answering Paragraph 46 of the Complaint, Chase avers that the contents of the FDCPA are self-explanatory , so the allegations contained in this Paragraph do not require a response from Chase. To the extent a response is required, Chase denies the allegations contained in this Paragraph.

47. Answering Paragraph 47 of the Complaint, Chase avers that the contents of Regulation F are self-explanatory, so the allegations contained in this Paragraph do not require a response from Chase. To the extent a response is required, Chase denies the allegations contained in this Paragraph.

48. Answering Paragraph 48 of the Complaint, Chase denies the allegations.

49. Answering Paragraph 49 of the Complaint, Chase avers that the contents of the FDCPA are self-explanatory, so the allegations contained in this Paragraph do not require a response from Chase. To the extent a response is required, Chase denies the allegations contained in this

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM AGAINST PLAINTIFF**

1 | Paragraph.

2 | 50. Answering Paragraph 50 of the Complaint, Chase denies the allegations.

3 | 51. Answering Paragraph 51 of the Complaint, Chase denies the allegations.

4 | 52. Answering Paragraph 52 of the Complaint, Chase denies the allegations.

Plaintiff added a prayer for relief following Paragraph 52 of the Complaint. To the extent a response is required, Plaintiff denies that Plaintiff has been damaged and denies any and all liability to Plaintiff.

## COUNT III – INVASION OF PRIVACY-INTRUSION UPON SECLUSION

53. Answering Paragraph 53 of the Complaint, Chase repeats and incorporates its responses to Paragraphs 1 through 52 of Plaintiff's Complaint.

54. Answering Paragraph 54 of the Complaint, Chase denies the allegations.

55. Answering Paragraph 55 of the Complaint, Chase denies the allegations.

56. Answering Paragraph 56 of the Complaint, Chase denies the allegations.

57. Answering Paragraph 57 of the Complaint, Chase denies the allegations.

58. Answering Paragraph 58 of the Complaint, Chase denies the allegations.

59. Answering Paragraph 59 of the Complaint, Chase denies the allegations.

60. Answering Paragraph 60 of the Complaint, Chase denies the allegations.

Plaintiff added a prayer for relief following Paragraph 52 of the Complaint. To the extent a response is required, Plaintiff denies that Plaintiff has been damaged and denies any and all liability to Plaintiff.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the FAC, Chase alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

The allegations of the Complaint fail to state a claim against Chase upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (No Willful Conduct)

Chase acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Chase is found to be unlawful, which Chase expressly denies, such conduct was not willful and should not give rise to liability.

## THIRD AFFIRMATIVE DEFENSE

### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Chase. The liability, if any exists, of Chase and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Chase should be reduced accordingly.

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

Chase has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## FIFTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff has not suffered any injury in fact as a result of Chase's alleged conduct and therefore lacks standing to assert the claims alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Chase, which Chase denies, Chase is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if

any.

### SEVENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Chase had or has no control.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Chase.

### NINTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived her rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the account at issue.

### TENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are, on information and belief, barred in whole or in part by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Prior Express Consent)

Plaintiff has provided prior express consent to receive the calls that she allegedly received from Chase.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Due Process)**

Without admitting that Chase is vicariously liable for any of the alleged call attempts to Plaintiff, which Chase expressly denies, Chase avers that the imposition of an award of statutory damages against Chase for each of the alleged violations of the TCPA would violate the Due Process Clause of the Constitution. *See, e.g., Golan v. FreeEats.Com, Inc.,* 930 F.3d 950 (8th Cir. 2019).

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Setoff and Recoupment)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of setoff and recoupment.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Bona Fide Error)**

To the extent that any violation of law occurred, which Chase expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Chase of procedures reasonably adapted to avoid any such error.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Arbitration Agreement)**

Plaintiff's claims against Chase are subject to the Arbitration Agreement contained in Plaintiff's Cardmember Agreement, as amended from time to time.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Use of ATDS)**

Chase did not use an automatic telephone dialing system ("ATDS") in violation of the TCPA for any of the calls alleged to be at issue. See *Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021); *Borden v. eFinancial, LLC*, 53 F.4th 1230 (9th Cir. 2022).

## SEVENTEENTH AFFIRMATIVE DEFENSE

**(Reservation of Defenses)**

Chase reserves the right to assert additional defenses based upon information learned during the course of this case and/or through discovery in this action.

WHEREFORE, Chase requests judgment as follows:

1. That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.

2. That Chase recover from Plaintiff costs according to proof.

3. That Chase recover attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

## COUNTERCLAIM

Defendant/Counterclaim-Plaintiff JPMorgan Chase Bank, N.A. ("Chase") alleges the following permissive counterclaim against Plaintiff, pursuant to Rule 13(b) of the Federal Rules of Civil Procedure:

## THE PARTIES

1. Chase is a national banking association incorporated in Ohio, with its principal place of business located in Columbus, Ohio.

2. On information and belief, Plaintiff is a citizen and resident of Oakland, California.

## FACTUAL ALLEGATIONS

3. On or around February 12, 2014, Plaintiff submitted an application to Chase for a Chase Freedom credit card. In response to Plaintiff's application, Chase opened a credit card account ending in 6575 (the "Chase Freedom Credit Card Account"). The Chase Freedom Credit Card Account was issued to Plaintiff by Chase subject to terms and conditions contained in a

written agreement (the "Agreement"), as amended from time to time. A true and correct copy of the Agreement effective when the Chase Freedom Credit Card Account was opened is attached as **Exhibit A**.

4. Consistent with the Chase Freedom Credit Card Agreement, statements were transmitted to Plaintiff during each month that the Chase Freedom Credit Card Account was open, reflecting the charges and fees that had been posted, and payments due on the Accounts. The Agreement provides, *inter alia*, that Plaintiff agreed "to pay at least the minimum payment when due." *See* Exhibit A at p. 5 (in the row for "**Minimum Payment**") (bold in original). Moreover, Plaintiff's "account will be in default if [Plaintiff does] not pay at least the minimum payment when due." *See* Exhibit A at p. 2 (defining term "**Default**").

5. The Agreement also provides, *inter alia*, that "to the extent permitted by law, if you are in default because you have failed to pay us, we will require you to pay our collection costs, attorneys' fees, court costs, and all other expenses of enforcing our rights under this agreement." *See id.*

6. Plaintiff defaulted on the Chase Freedom Credit Card Account and failed to make the minimum monthly payments as required by the Agreement.

7. The last payment made on the Chase Freedom Credit Card Account was in the amount of $50.00 on March 22, 2024.

8. As of August 24, 2024, Plaintiff had an outstanding unpaid balance in the amount of $1,222.50 on the Chase Freedom Credit Card Account.

**FIRST CAUSE OF ACTION**

(Breach of Contract)

9. Chase incorporates by reference Paragraphs 1 through 8 above as if fully set forth herein.

10. Chase has performed all duties required of it under the Agreement, unless excused.

11. Plaintiff breached the Agreement by failing to make the minimum monthly payments on the Chase Freedom Credit Card Account when due, and that breach damaged Chase.

12

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM AGAINST PLAINTIFF**

12. As a proximate result of Plaintiff's breach of the Agreement, Chase is entitled to recover the sum of $1,222.50, as of August 24, 2024, with prejudgment interest, attorneys' fees and costs as allowed by law and the Agreement.

## SECOND CAUSE OF ACTION

(Account Stated)

13. Chase incorporates by reference paragraphs 1 through 12 above as if fully set forth herein.

14. An account was stated in writing by and between Plaintiff and Chase in that Chase billed Plaintiff for the balance on the Account by way of monthly statements. Plaintiff never objected to such statements at the time they were rendered or within a reasonable time thereafter.

15. An account of $1,222.50 for the Chase Freedom Credit Card Account was stated as due and owing. This same amount is now due and owing from Plaintiff to Chase, together with pre-judgment interest, attorneys' fees, and costs as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Chase prays for relief as follows:

1. For damages of no less than $1,222.50, plus further accrued financial charges and other fees as provided for under the terms of the Agreement, as amended from time to time, or as permitted by law;

2. For pre-judgment interest at the lawful rate;

3. For all applicable attorneys' fees and costs as provided for under the terms of the Agreement, as amended from time to time, or as permitted by law;

4. For such other and further relief as the Court may deem proper.

DATED: October 11, 2024                    WOMBLE BOND DICKINSON (US) LLP


By:   */s/ Tomio B. Narita*
     Tomio B. Narita
     Samuel R. Melamed
     Attorneys for Defendant
     JPMORGAN CHASE BANK, N.A

# CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                                              */s/ Tomio B. Narita*
                                             Tomio B. Narita