UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GINA HENRY,

        Plaintiff,

    v.

J.P. MORGAN CHASE BANK, N.A.,

        Defendant.

Case No. 24-cv-04489-VC

**ORDER DENYING MOTION TO DISMISS COUNTERCLAIMS**

Re: Dkt. No. 28

      After Gina Henry fell behind on her credit card payments, Chase began calling her to collect on the debt. She then sued Chase, alleging that Chase violated federal and state law by repeatedly calling her with a pre-recorded or artificial voice and without her consent. Chase responded to her lawsuit with counterclaims that seek to recover the debt it alleges Henry owes. Now, Henry moves to dismiss Chase's counterclaims on the basis that the Court lacks supplemental jurisdiction over them because they do not arise from the same nucleus of operative facts as her claims.

      To describe the allegations relevant to this motion is to explain why it should be denied. The counterclaims may not require proof of the same facts—or arise from the same "transaction or occurrence"—as Henry's claims. But they clearly arise from the same nucleus of operative facts and thus are part of the same case or controversy under 28 U.S.C. § 1367(a). *See, e.g.*, *Nalan v. Access Finance, Inc.*, 2020 WL 6270945, at *4–5 (N.D. Cal. Oct. 23, 2020); *Koumarian v. Chase Bank USA, N.A.*, 2008 WL 5120053, at *3 (N.D. Cal. Dec. 3, 2008).

      Nor does the case present compelling reasons to decline to exercise supplemental jurisdiction. *See, e.g.*, *id.* at *3–4; *Nalan*, 2020 WL 6270945, at *5–6. For example, Henry

suggests that allowing counterclaims like these will chill plaintiffs from asserting rights under statutes like the Telephone Consumer Protection Act. But if the counterclaims were dismissed, Chase would remain free to assert them in a separate state court action, and litigating two separate actions would impose an even greater burden and expense on Henry.

**IT IS SO ORDERED.**

Dated: January 14, 2025

VINCE CHHABRIA
United States District Judge